IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Dorothy L. Smith, )
                               Plaintiff, )    Civil Action No. 8:06-3244-CMC-BHH
)
)    **REPORT AND RECOMMENDATION**
         vs. )        **OF MAGISTRATE JUDGE**
)
Michael J. Astrue, )
Commissioner of Social Security )
Administration, )
)
                       Defendant. )
)

This matter is before the Court on the plaintiff's motion for attorney's fees for the successful representation of the plaintiff, by Paul T. McChesney, in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

The Commissioner's decision denying benefits to the plaintiff was reversed and remanded for further administrative proceedings by order of the District Court on March 6, 2008. [Doc. 14.] The plaintiff seeks attorney's fees of $7,690.76 ($169.40 per hour for 45.40 attorney hours, including those expended in litigation over fees). The Commissioner objects to the petitioner's motion for attorney's fees as excessive but does not contest the hourly rate or the legal justification for some award of fees.

## APPLICABLE LAW

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant

timely filed his petition supported by an itemized statement.  *Id.; see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991).

The test for substantial justification is one of reasonableness – did the agency's position have a "reasonable basis both in law and fact," or was it "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  This standard allows the government some leeway in litigation without permitting it to adopt positions arbitrarily.  "[T]he government has the burden of proving that its litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991) (citing *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)).

## DISCUSSION

The defendant concedes that an award of attorney's fees in this case is justified, but argues that the amount requested by the plaintiff is excessive.  Specifically, the defendant argues that the plaintiff associated the professional services of two attorneys, Perrie H. Naides and Charles L. Martin, not admitted to practice in the State of South Carolina or in the District Court for the District of South Carolina and that it would be an excessive result to grant an award based on the contribution of all three attorneys.  The defendant contends that to compensate associated counsel at full rate would be to encourage practice in the district without authorization.

The plaintiff's principle response is to defend the legal and ethical propriety of his decision to associate other counsel to assist in prosecution of the case.  That issue, however, is not in dispute.  The defendant has conceded that there is no ethical or legal problem with non-admitted counsel providing the type of legal services rendered here – to wit, briefing services. (Def. Surreply at 3-4.)  Instead, relying on the Ninth Circuit decision in *Idaho Sporting Congress, Inc. v. Alexander*, 23 Fed. Appx. 713 (9th Cir. 2001), the defendant narrows the inquiry to whether it is good policy, in the exercise of this Court's discretion, to compensate fully for legal work performed by attorneys who failed to seek bar admission, either *pro hac vice* or in fact.

To the Court, however, *Idaho Sporting*, is uncompelling.  In that decision, the Ninth Circuit affirmed the exercise of the district court's discretion to deny an award of attorney's fees, under the EAJA, for services rendered by an attorney not admitted to the district court.  *Id*. at 714.  While the precise facts of the case are not well documented in

2

the written order, the decision necessarily implies that the nonadmitted counsel failed to timely seek admission *pro hac vice* when such admission *was, in fact, required* under the circumstances. As a result, the circuit court of appeals concluded that "[f]ailure of ISC counsel to properly and timely secure *pro hac vice* admission before the district court was a sufficient reason to deny ISC's application for attorneys' fees." *Id*.

As stated, such is not the case here. The defendant has already conceded that *pro hac vice* admission was unnecessary as a matter of local rule for associated counsel to render the specific services actually rendered in this case – briefing. (Def. Surreply at 3-4); *see also* Local Rule 83.I.04, 83.I06 DSC. Accordingly, the facts and conclusion in *Idaho Sporting* do not dictate any particular outcome here.

And, the Court is not persuaded by the defendant's fundamental concern – that attorneys may escape the governance and oversight of the court by participating in cases without seeking admission. McChesney is admitted in this Court and is subject to its local rules and Federal Rule of Civil Procedure 11. Any abuse of the responsibilities of counsel in federal court will be exacted upon him. The Court has recourse. Moreover, Naides and Martin are not immune from the effects of any rules violations rightly attributable to them. To the extent either one exhibits a pattern of legal contribution that consistently heaps upon McChesney the consequence of such violations, ethical and legal, he will discontinue the exchange of services. In other words, the arrangement between the parties is necessarily self-policing and, therefore, intrinsically effective to guard the Court's interest in the enforcement of its local rules and Federal Rule of Civil Procedure 11.

Ultimately, the defendant has not made any argument that the total number of attorney hours worked is inconsistent with the demands of the case. McChesney represents that the three attorneys performed 41.40 hours of legal work. On its face, the representation does not purport of excess. The administrative record is voluminous in this case and it has now been twice appealed to the district court. Moreover, while the defendant argues that the work performed by the respective attorneys must have necessarily been duplicative, there is nothing about the distribution of the hours that would suggest it was so. McChesney worked approximately 5.5 hours representing the plaintiff, including reviewing the briefs; Martin worked 6.9 hours representing the plaintiff, including drafting, proofreading, and revising the briefs; and Naides spent 29 hours reviewing the

administrative transcript and preparing the statement of the case, and Martin. The mere fact that multiple people might have reviewed the same documents does not of itself make the work redundant. The plaintiff has submitted evidence that the attorneys rendered essentially separate services in regards to the preparation of the briefs. (Martin Aff., Naides Aff. McChesney Aff., Martin Supp. Aff.) The defendant has produced no evidence or made any persuasive argument that the respective attorneys did not, in fact, make reasonably distinct contributions.

The defendant expresses doubt as to why McChesney could not have personally rendered all necessary services. To the Court, the concern is a red herring. There is nothing intrinsically problematic with an attorney making all manner of decisions about how to best represent his client, so long as those decisions do not run afoul of his professional responsibilities or the rules of the Court. McChesney has represented to the Court the value of associating Naides' Social Security expertise and Martin's federal practice specialty. Whether other attorneys, or McChesney himself in other social security matters, could in their representation have executed these services, alone, is of no moment. McChesney chose differently, here, and has reasonably explained the decision to do so.

Likewise, the defendant complains that services rendered by Martin and Naides might have been delegated to paralegal or other less expensive sources of expertise, including medical personnel such as nurse practitioners. The fact that the defendant can cite to cases where such strategic decisions have been approved by a district court, does not change the undersigned's view that it was within McChesney's discretion, reasonably exercised, to make a different choice.

Other courts have approved EAJA funds under essentially identical circumstances, where multiple nonadmitted counsel have rendered briefing services. *See Rose-Velasquez v. Astrue*, 2008 WL 1765659, at *1-2 (D. Utah April 16, 2008); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 603 (N.D. Tex. 2000). Those conclusions are well reasoned and supportive of the undersigned's view of the matter.

For all these reasons, it is recommended that the district court award $7,013.16 for services rendered in the representation of the plaintiff's case in chief. The Court believes that an additional award of $677.60 for 4 hours at $169.40 per hour is justified for time spent by counsel in preparing the plaintiff's reply brief to this present motion. *See*

*Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 162-63 (1990) (finding that the plaintiff need not make any separate showing of substantial justification for a fee award for fees litigation; the substantial justification standard, if met, permits an award of fees for all phases of litigation). The total sum of $7,690.76 shall be delivered to the plaintiff's attorney.

The plaintiff was the prevailing party in this action, and the defendant does not contend that its position was substantially justified. *See* 28 U.S.C. §2412(d)(1)(A). Not only did the Court conclude that the ALJ made plain legal error in consideration of the plaintiff's obesity and opinions of various physicians, it determined that the evidence, in fact, justified an award of benefits outright. The defendant's position in defense was not justified. As required, the petitioner has provided an itemized statement outlining the time expended in preparing this case and the Court, as discussed, finds the expenditure of hours and division of labor to be reasonable.

## **CONCLUSION**

Based on the foregoing, it is recommended that the plaintiff's request for attorney's fees [Doc. 20] be GRANTED and that defendant be ordered to pay to counsel for the plaintiff Seven Thousand Six Hundred and Ninety Dollars and Seventy-Six Cents ($7,690.76) in attorney's fees.

IT IS SO RECOMMENDED.

s/ Bruce Howe Hendricks
UNITED STATES MAGISTRATE JUDGE

December 2, 2008
Greenville, South Carolina

5